# STATE OF MICHIGAN

# COURT OF APPEALS

In the Matter of H. J. RINNERT, Minor.

UNPUBLISHED
October 30, 2014

No. 321905
Huron Circuit Court
Family Division
LC No. 13-004352-NA

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to his daughter pursuant to MCL 712A.19b(3)(b)(*i*) (parent's act caused sexual abuse) and MCL 712A.19b(3)(k)(*ii*) (criminal sexual conduct involving penetration). We affirm.

Respondent's five-year-old daughter, HJR, began living with her paternal aunt in January 2013. Six months later, HJR started acting out sexually with her three-year-old cousin. On one occasion, HJR's aunt found her in the closet with her cousin, who had his head on a pillow and was not wearing pants or a diaper. Eventually, HJR's aunt called Child Protective Services (CPS), and after a brief investigation, which included a forensic interview of HJR, it was concluded that HJR's behavior was the result of having viewed a pornographic magazine while staying with her paternal grandparents. Subsequently, in September 2013, HJR disclosed to her aunt that respondent had "put where he pees into where I pee." CPS was contacted again and HJR was forensically interviewed at the Caro Advocacy Center. During the interview, she disclosed that on two occasions respondent had sexually penetrated her.

Respondent's sole argument on appeal is that petitioner failed to present clear and convincing evidence to support the statutory grounds for termination of his parental rights. We review for clear error the trial court's determination whether a statutory ground for termination has been proven by clear and convincing evidence. *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* at 296-297.

To terminate parental rights, a trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination set forth in MCL 712A.19b(3) has been established. *In re Trejo Minors*, 462 Mich 341, 355; 612 NW2d 407 (2000). Here, the trial court found grounds for termination under MCL 712A.19b(3)(b)(*i*) and (k)(*ii*), which allow for termination if:

-1-

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

(*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

* * *

(k) The parent abused the child or a sibling of the child and the abuse included 1 or more of the following:

* * *

(*ii*) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate.

Regarding § 19b(3)(b)(*i*), HJR clearly stated during her forensic interview that respondent sexually penetrated her. She stated that he did so on two occasions, once upstairs in his bedroom and once downstairs on the couch. HJR used the term "inappropriate," but the court found that her use of the term was learned language, not coached language. Additionally, HJR explained that boys and girls had different private parts. She said that boys had a long one and girls had a short one. She said that respondent put "where he pees" into "where I pee." Respondent's arguments are simply attacks on the credibility of HJR's statements, a matter best left to the trial court. That HJR reported two distinct assaults supports the trial court's finding that there was a reasonable likelihood that HJR would suffer additional sexual abuse in the foreseeable future if returned to respondent's custody. Giving due regard to the trial court's opportunity to view the witnesses, *In re BZ*, 264 Mich App at 296-297, we conclude that § 19b(3)(b)(*i*) was established by clear and convincing evidence.

One ground for termination having been established, we need not consider the additional ground cited. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009). Nonetheless, we note that the aforementioned evidence also clearly supported the court's findings regarding § 19b(3)(k)(*ii*). Although respondent raises several arguments pertaining to HJR's credibility in light of the words she used, her earlier failure to disclose during a forensic interview, and respondent's history of incarceration, we again defer to the trial court's superior opportunity and ability to view the witnesses and judge their credibility. *In re BZ*, 264 Mich App at 296-297. The trial court did not clearly err by finding that §§ 19b(3)(b)(*i*) and (k)(*ii*) had been established by clear and convincing evidence.[1]

---

[1] Respondent does not argue in his brief on appeal that termination of his parental rights was not in his daughter's best interests. See MCL 712A.19b(5). Accordingly, we decline to address this issue.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause